IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS GONZALEZ,
# C05967,

    Plaintiff,

vs.                                         Case No.  4:20cv25-MW-CAS

STATE OF FLORIDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this case in January 2020 by submitting a document, ECF No. 1, which was titled as a "notice."  Out of an abundance of caution, the Clerk's Office opened this action as a civil rights case.   Because Plaintiff did not submit an in forma pauperis motion or pay the filing fee at the time of case initiation, an Order was entered on January 17, 2020, advising Plaintiff to do one or the other if he wanted to continue this litigation.  ECF No. 5.

    That Order directed the Clerk of Court to provide Plaintiff with an in forma pauperis application packet and Plaintiff was advised of the requirement to support an in forma pauperis motion with a copy of his

inmate bank account statement if he was unable to pay the filing fee, or otherwise not eligible for in forma pauperis status.  ECF No. 5.  Plaintiff was also advised that no further action would be taken on this case until he either paid the $400 filing fee or filed a properly supported in forma pauperis motion.  *Id.*  In addition, Plaintiff was informed that if he did not intend to initiate a civil rights action, he should "immediately file a response to" that Order and clarify his intentions.  *Id.*

As of this date, Plaintiff has not complied.  He has submitted a request to be "compensate[d] for loss of liberty," ECF No. 6, and a letter which essentially declares that Plaintiff "Thomas Gonsalez is a private citizen and" he does "not consent to being some inmate under some fictitious, frivolous, conviction."  ECF No. 7.  Plaintiff also submitted a document, intended to be Plaintiff's response to the prior Order.  ECF No. 8.  There, Plaintiff declares that he intended to assert "a Tort claim for injuries and damages on a[n] individual capacity level."  *Id.*  Plaintiff demands the return of "all intellectual property and compensation."  *Id.* at 1.  What Plaintiff did not do was pay the filing fee for this case or file an in forma pauperis motion as previously directed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order and that all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2020.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**